UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTIS JOHNSON,

    Petitioner,

v.                                                                                                                      No. 08-10511

HUGH WOLFENBARGER,

    Respondent.
                                          /

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING, (3) DENYING PETITIONER'S MOTION FOR REASSIGNMENT, AND (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Pending before the court are Respondent Hugh Wolfenbarger's "Motion and Brief in Support to Dismiss Petition for Failure to Comply with the Statute of Limitations," and Petitioner Artis Johnson's petition for a writ of habeas corpus, "Motion for Reassignment," and a motion for an evidentiary hearing. For the reasons stated below, the court will grant Respondent's motion to dismiss and deny Petitioner's two remaining motions.

## I. BACKGROUND

Petitioner is a state prisoner, currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, where Respondent is the warden. (Pet.'s 2/5/08 Mot. at 1.) In 1976, Petitioner was convicted of armed robbery and received a life sentence. (*Id.* at 2; Resp.'s Mot. at 2.) In 1980, while serving his sentence, Petitioner was convicted of an assault with intent to do great bodily harm, and received an additional sentence of five to ten years, to be served consecutively with his life sentence. (Pet.'s

Resp. at 2; Resp.'s Mot. at 2.)  Petitioner filed a "Delayed Motion for a New Trial" eight years later, which was denied by the Michigan Court of Appeals.  (Resp.'s Mot., Ex. 8 at 2.)  After nearly twenty years, Petitioner then filed a "Motion to Modify Sentence" in the 25th Circuit Court of Michigan, which was denied as untimely.  (*Id.*, Ex. 10 at 4.)  Petitioner did not appeal this ruling.  (*Id.*, Ex. 9.)  Petitioner has filed a petition for a writ of habeas corpus, primarily focused on his additional sentence for assault.  Petitioner has also filed a motion for this court to reassign the matter to Judge Marianne Battani because "she is dealing with similar issues."  (Pet.'s 10/15/08 Mot. for Reassignment.)  Finally, Petitioner has filed a motion "for an order to permit [an] evidentiary hearing," for an unstated purpose.  (Pet.'s 10/15/08 Mot. for Hearing.)

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions.  Title 28 of the United States Code, section 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d). If a petitioner's conviction became final before the effective date of AEDPA, the statute of limitations expires on April 24, 1997, one-year from the passage of AEDPA. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 2000) *overruled in part on other grounds by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004). A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one-year statute of limitations. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

## III. DISCUSSION

### A. Direct Review

The petition for a writ of habeas corpus must be dismissed because Petitioner did not comply with the one-year statute of limitations. *Wilson*, 192 F. Supp. 2d at 765. Petitioner was convicted of assault with intent to do great bodily harm in 1980, the charge which serves as the basis for his petition for habeas corpus. (Pet.'s Resp. at 2; Pet. at 2.) Petitioner did not file any immediate direct appeal from this conviction, and instead waited eight years before filing any motion at all. In 1988, Petitioner filed a "Delayed Motion for a New Trial" in a Michigan circuit court. (Resp.'s Mot., Ex. 10 at 2.) That motion was denied on August 17, 1988. (*Id.*) As of July 12, 1989, Petitioner had not appealed this ruling to the Michigan Court of Appeals, (*Id.* at 1), and there is no record evidence to conclude that Petitioner ever filed an appeal for his "Delayed Motion for a New Trial." Thus, even under a somewhat loose interpretation of "direct appeal,"

3

and if the AEDPA was effective before Petitioner's conviction was final, the statute of limitations would have expired nearly two decades before Petitioner filed his petition.

But that does not end the inquiry, because Petitioner's conviction for assault became final well before the 1996 effective date of the AEDPA. As such, Petitioner had a one-year grace period to file his petition for habeas corpus, and the statute of limitations did not expire for him until April 24, 1997. *Austin*, 200 F.3d at 393. Again though, the petition for habeas corpus was not filed until February 5, 2008, over a decade after the one-year grace period available to Petitioner.

Petitioner asserts his "violation only became viable (a reality) and visable [sic] (an identified violation) after 22 years . . . ," (Pet.'s Resp. at 4), and therefore could not have been raised anytime before his current petition. In support, Petitioner points to two statutes which he argues justify his tardy petition. First, Petitioner argues that Michigan law allows his late filing. (*Id.*) But the provision Petitioner addresses only provides the circumstances under which the state parole board has jurisdiction when a prisoner is sentenced to consecutive terms. Mich. Comp. Laws § 791.234(3), (4). Nothing in these provisions would allow Petitioner to wait twenty years before filing his petition for a writ of habeas corpus.

Petitioner also directs the court to 28 U.S.C. §§ 2254(e)(2)(A)(i) and (ii). (Pet.'s Resp. at 4.) That provision provides the basis for a court to hold an evidentiary hearing, but is silent on the time period for the filing of a petition. 28 U.S.C. § 2254(e)(2)(A)(i), (ii). The provision thus provides no excuse for Petitioners filing delay.

4

## B. Factual Predicate

Petitioner offers a final reason for his delay in arguing that he "never got to read or oppose the 1976 [pre-sentence investigation report]." (Pet.'s Resp. at 6.) The argument implies that Petitioner did not have access to the factual predicate necessary to support his claim until recently. Pursuant to Title 28 of the United States Code, section 2244(d)(1)(D), the AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tenn. Bd. of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim *could have* been discovered through the exercise of due diligence, not when it was *actually* discovered by a given petitioner, *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003), or when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Id.* A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 F.App'x. 801, 804 (6th Cir. 2002).

Most important here, Petitioner is arguing that the 1976 pre-sentence investigation ("PSI") report was not provided to him in preparation for his 1976 sentencing for armed robbery. (Pet.'s Resp. at 2, 6.) He argues that he raised this argument to a Michigan circuit court, which presumably found it unavailing. (*Id.*)

Whether or not Petitioner had access to the 1976 PSI report for his either his 1976 sentencing or his 1980 trial on new charges is not the point though. The court fails to see how the PSI report is a factual predicate to Petitioner's current habeas corpus petition. Moreover, Petitioner, by his own admission, knew of the PSI report and its importance sometime after his 1976 sentencing and before his 1980 trial. (*Id.* at 7.) At the least, Petitioner could have exercised due diligence and discovered the existence of the PSI report prior to 1997, when the one-year grace period for his habeas corpus petition expired. Because Petitioner either knew of the existence of the factual predicate to his claim, or could have discovered it through due diligence sometime prior to 1997, the AEDPA statute of limitations has expired. *Redmond*, 295 F. Supp at 771. Therefore, because Petitioner cannot show he filed his petition within the AEDPA's statute of limitations period, and unless that period is equitably tolled, his petition must be denied. *Wilson*, 192 F. Supp. at 765.

### C.  Equitable Tolling

The one-year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner could not exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010. As previously discussed, Petitioner offers no explanation for his decision to wait nearly two decades, after his conviction became final, to file his petition

for habeas corpus. At best, Petitioner offers an explanation for waiting until his 1980 trial on new charges to assert an argument regarding his 1976 PSI report, but there is no viable explanation to explain the remaining time. As such, Petitioner is not entitled to equitable tolling.

### IV. Petitioner's Remaining Motions

Petitioner has filed two additional motions, which the court will deny. First, Petitioner filed a motion for an evidentiary hearing. Petitioner provides no basis for this evidentiary hearing, and cites no legal authority for his decision to pursue the hearing. Petitioner also filed a motion to reassign – in actuality to join Petitioner's claims – to a case currently pending before District Court Judge Marianne Battani. Petitioner avers, "since [Judge Battani] is dealing with similar issues" this court should reassign his petition. (Pet's 10/15/08 Mot. for Hearing.) The court notes there is no overlap of parties, or even issues brought to the court's attention, that would weigh in favor of reassigning the matter. Petitioner cites no legal authority – other than the Eastern District of Michigan local rule governing assignment to three-judge panels, clearly not at issue here – for this court to consider the reassignment. Beyond the preceding, though, the court's denial of Petitioner's petition for habeas corpus for failure to comply with the statute of limitations fully resolves the pending matter, and thus there is no longer any need for either an evidentiary hearing or a reassignment.

### V. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28

7

U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a plain procedural bar is present and no reasonable jurists would find it debatable that this court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). As such, the court will deny Petitioner a certificate of appealability.

## VI. CONCLUSION

Accordingly, IT IS ORDERED that Respondent's "Motion and Brief in Support to

Dismiss Petition for Failure to Comply with the Statute of Limitations" [Dkt. # 7] is GRANTED, and Petitioner's "Petition for a Writ of Habeas Corpus" [Dkt. # 1] is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's "Notice of Evidentiary Hearing" [Dkt. # 13] and his "Motion for Reassignment of Case Before The Hononorable [sic] Marilanne [sic] O. Battani in Case Docket Nol 05-71318" [Dkt. # 12] are DENIED as moot.

Finally, IT IS ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated: November 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2008, by electronic and/or ordinary mail.

                    s/Lisa G. Wagner
                    Case Manager and Deputy Clerk
                    (313) 234-5522