**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARTIS JOHNSON

        Petitioner,

v.                                                    Case Number: 08-CV-10511

HUGH WOLFENBARGER,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S**
**MOTION FOR RELIEF FROM JUDGMENT, DENYING**
**PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS,***
**AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Artis Johnson filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254, challenging his conviction for armed robbery.  On

November 21, 2008, the court issued an "Opinion and Order (1) Granting Respondent's

Motion to Dismiss, (2) Denying Petitioner's Motion for an Evidentiary Hearing, (3)

Denying Petitioner's Motion for Reassignment, and (4) Declining to Issue a Certificate of

Appealability."  Pending before the court is Petitioner's "Motion for Relief from Judgment

and Motion for Leave to Proceed *In Forma Pauperis* and for Appointment of Counsel."

For the reasons stated below, the court will deny each request set forth in Petitioner's

motion.

**I. BACKGROUND**

In 1976, Petitioner was convicted of armed robbery and received a life sentence.

In 1980, while serving his sentence, Petitioner was convicted of an assault with intent to

do great bodily harm, the charge which serves as the basis for his habeas corpus

petition. He was sentenced to an additional term of five to ten years, to be served consecutively with his life sentence. Petitioner did not file any immediate direct appeal from this conviction, and instead waited eight years before filing any motion at all. In 1988, Petitioner filed a "Delayed Motion for a New Trial" in a Michigan circuit court. That motion was denied on August 17, 1988. As of July 12, 1989, Petitioner had not appealed this ruling to the Michigan Court of Appeals, and there is no record evidence to conclude that Petitioner ever filed an appeal relative to his "Delayed Motion for a New Trial." After nearly twenty years, Petitioner then filed a "Motion to Modify Sentence" in the 25th Circuit Court of Michigan, which was denied as untimely. Petitioner then filed a petition for a writ of habeas corpus, primarily focused on his additional sentence for assault, on February 5, 2008, over a decade after the one-year grace period available to Petitioner. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 2000), *overruled in part on other grounds by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004).

## II. DISCUSSION

### A. Motion for Relief From Judgment

Petitioner claims that he is entitled to relief from judgment based upon Federal Rule of Civil Procedure 60(b)(3) and Rule 60(b)(4). Petitioner claims that he should be granted relief from judgment because his sentence is unconstitutional and is based upon an illegal PSI report. (Pet.'s Mot. at 2.) A Rule 60(b) motion does not serve as a substitute for an appeal, or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 996 F.2d 1216, 1993 WL 210696, at *1 (6th Cir. June 15, 1993); *see also Matura v. United States*, 189 F.R.D.

2

86, 89 (S.D.N.Y. 1999).

> Federal Rule of Civil Procedure 60(b)(3) provides, in pertinent part:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "requires fraud by an adverse party to warrant relief from judgment." *Mayhew v. Gusto Records, Inc.*, 69 F. App'x 681, 682 (6th Cir. 2003). In the context of a habeas corpus petition, Rule 60(b)(3) generally allows relief if the denial of a petition was "clearly produced by the state's misrepresentation in the habeas proceedings." *Buell v. Anderson*, 48 F. App'x 491, 496 (6th Cir. 2002). Petitioner simply disagrees with the court's analysis of his habeas petition, but fails to show fraud by an adverse party.

Rule 60(b)(4) provides for relief in circumstances where the underlying judgment is void. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Id.* (quoting *In re Edwards*, 962 F.2d 641, 644 (6th Cir. 1992)). Petitioner has failed to show that this court lacked jurisdiction over his habeas corpus petition or over the parties to the action or that this court acted in a manner inconsistent with due process. Therefore, Petitioner is not entitled to relief from judgment under Rule 60(b)(4).

## B. *In Forma Pauperis*

Regarding Petitioner's motion to proceed *in forma pauperis* on appeal, Petitioner claims that he is "unable to defray the Court fees and costs."  (Pet.'s Mot. at 2.)  An appeal may be taken *in forma pauperis* if the appeal is taken in "good faith."  28 U.S.C. § 1915(a).  "Good faith" requires a showing that the issues are arguable on the merits and are, therefore, not frivolous; it does not require a showing a probable success. *Harkins v. Roberts*, 935 F. Supp. 871, 783 (S.D. Miss. 1996) (quoting *Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983)).  "If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition to appeal in forma pauperis must be granted."  *Harkins*, 935 F. Supp. at 873.  Here, the court cannot discern a nonfrivolous issue for an appeal based on the court's prior ruling.  Therefore, the court will deny Petitioner's application to proceed *in forma pauperis*.

## C. Appointment of Counsel

Finally, Petitioner claims that he is "unable to defray the costs of counsel and request[s] appointed, competent, effective assistance of counsel."  (Pet.'s Mot. at 2.) Petitioner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Mich. Dept. of Corrs.*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.'"  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).  Because the court has denied Petitioner's post-conviction motion and his

4

request for a certificate of appealability was likewise denied in a previous order, the

court does not find the appointment of counsel to be necessary.

### III. CONCLUSION

Accordingly, IT IS ORDERED  that Petitioner's "Motion for Relief from Judgment

and Motion for Leave to Proceed *In Forma Pauperis* and for Appointment of Counsel"

[Dkt. # 15] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, November 9, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522