**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTIS JOHNSON,

    Petitioner,

v.                                                           Case No. 08-10511

HUGH WOLFENBARGER,

    Respondent.

_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION, MOTION TO SHOW CAUSE, AND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Artis Johnson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging his conviction for armed robbery, for which he was sentenced to parolable life imprisonment. While serving his sentence, Petitioner was convicted of assault with intent to do great bodily harm and received an additional sentence of five to seven years imprisonment. On November 21, 2008, the court denied habeas relief on statute of limitation grounds and issued an "Opinion and Order (1) Granting Respondent's Motion to Dismiss, (2) Denying Petitioner's Motion for an Evidentiary Hearing, (3) Denying Petitioner's Motion for Reassignment, and (4) Declining to Issue a Certificate of Appealability." In response, Petitioner filed a "Motion for Relief from Judgment and Motion for Leave to Proceed *in Forma Pauperis* and for Appointment of Counsel." On November 9, 2009, the court denied the motion.

Pending before the court are Petitioner's: (1) "Motion for Reconsideration upon Motion for Order to Show Cause, or in the Alternative Request for a Certificate of Appealability, *in Forma Pauperis*;" (2) "Motion for Order to Show Cause;" and (3)

"Motion for Leave to Proceed *in Forma Pauperis* and for Appointment of Counsel." For the reasons stated below, the court will deny each of Petitioner's motions.

## I. DISCUSSION

### A. Motion for Reconsideration

Petitioner requests that the court reconsider its decisions to deny: (1) relief from judgment, (2) the opportunity to proceed *in forma pauperis* on appeal, and (3) the appointment of counsel. Addressing the relief from judgment issue, Petitioner makes a myriad of claims in his reconsideration motion: (1) Respondent has withheld evidence, (2) Petitioner has been deprived of the right to present evidence, call witnesses, and obtain discovery, (3) Petitioner is being denied the right to be heard, (4) the Michigan Department of Corrections is withholding his "legal property," (5) Petitioner's claim should have been consolidated with the "*Foster-Bey* case"[1] because he was sentenced prior to 1992,[2] and (6) the Honorable Judge Robert H. Cleland should be disqualified from this matter due to his alleged personal involvement in a 2003 matter which Petitioner cites as case number 03-CV-71655.[3]

Petitioner's motion for relief from judgment was denied for two reasons: (1) Petitioner failed "to show fraud by an adverse party;" and (2) Petitioner "failed to show

---

[1]In *Bey v. Rubitschun*, No. 05-71318, 2008 WL 7020690 (E.D. Mich. Oct. 23, 2008) (Battani, J.), the court found that the changes made to Michigan's parole laws resulted in ex post facto violations as to a certified class of prisoners who had been sentenced to parolable life terms before 1992. This decision was reversed and remanded by *Foster v. Booker*, --- F.3d ----, 2010 WL 546495 (6th Cir. Feb. 18, 2010).

[2]The court already ruled that "there is no overlap of parties, or even issues brought to the court's attention, that would weigh in favor of reassigning the matter." (11/21/08 Order at 7.)

[3]*Martin v. Great Am. & Pac. Tea Co.*, No. 03-CV-71655 (E.D. Mich. Mar. 25, 2005) (Rosen, J). This case is completely unrelated to the matter before the court.

2

that this court lacked jurisdiction over his habeas corpus petition or over the parties to the action or that this court acted in a manner inconsistent with due process." (11/9/09 Order at 3.) Petitioner's request to proceed *in forma pauperis* on appeal was denied because the court could not "discern a nonfrivolous issue for an appeal based on the court's prior ruling." (*Id.* at 4.) Finally, the court denied Petitioner's motion for appointment of counsel because his request for a certificate of appealability was denied, thus vitiating the need for an attorney. (*Id.* at 5.)

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates, P.C.*, 967 F.Supp. 951, 952 (E.D. Mich. 1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). Therefore, a motion for reconsideration does not serve as an opportunity for Petitioner to raise new claims for substantive review or to bring up issues that have already been reviewed on the merits.

Petitioner's motion for reconsideration has not demonstrated any palpable defect in the court's ruling. His relief from judgment argument not only fails to address the basis for the court's decision in its November 9, 2009 Order, but it raises new claims that are completely unrelated to the original habeas petition or the motion for relief from judgment. Petitioner also attempts to reargue issues already addressed in this court's November 21, 2008 Order dismissing the petition.

Regarding the issues of proceeding *in forma pauperis* and the appointment of counsel, Petitioner has failed to substantively address either of these issues in his reconsideration motion. Therefore, no palpable defect has been shown with respect to the court's decision on these claims. Petitioner's motion for reconsideration as to each of Petitioner's claims is denied.

Alternatively, Petitioner requests a certificate of appealability. The court already ruled on this issue finding that "a plain procedural bar is present and no reasonable jurists would find it debatable that this court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period." (11/21/08 Order at 8.) Petitioner's request amounts to a motion for reconsideration on the issue. Petitioner has not shown that there was a palpable defect with the court's decision, and therefore, relief is denied.

**B. Show Cause**

Petitioner filed a motion to show cause why he should not be released from prison because his 1976 Pre-sentence Investigation Report was allegedly not properly disclosed, thus constituting a violation of his constitutional rights. The court fully addressed this issue in its November 21, 2008 Order. The court found that Petitioner did not file his habeas claim in a timely manner, therefore precluding habeas relief. The court's decision denying habeas relief on statute of limitation grounds is the basis upon which Petitioner will not be released from confinement. Therefore, the court finds that "cause" has already been established, and the motion is denied as moot.

**C. *In Forma Pauperis* and Appointment of Counsel**

Petitioner filed a separate motion to proceed *in forma pauperis* and for

4

appointment of counsel. Again, the court already ruled on these issues and found that "the court cannot discern a nonfrivolous issue for an appeal based on the court's prior ruling" and "the court does not find the appointment of counsel to be necessary." (11/9/09 Order at 4-5.) The court will construe Petitioner's present motion as a motion for reconsideration of these issues. Petitioner has failed to demonstrate any palpable defect with the court's decision in its November 9, 2009 Order. Therefore, relief is denied.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's "Motion for Reconsideration upon Motion for Order to Show Cause, or in the Alternative Request for a Certificate of Appealability, *in Forma Pauperis*" [Dkt. # 17] is DENIED.

IT IS FURTHER ORDERED the Petitioner's "Motion for Order to Show Cause" [Dkt. #18] is DENIED as MOOT.

IT IS FURTHER ORDERED that Petitioner's "Motion for Leave to Proceed *in Forma Pauperis* and for Appointment of Counsel" [Dkt.# 19] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 3, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 3, 2010, by electronic and/or ordinary mail.

        S/Deborah J. Goltz
        Case Manager